UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-62740-BLOOM/Valle

USA ENTERTAINMENT GROUP, INC.,

    Plaintiff,

v.

THE CITY OF POMPANO BEACH, *et al*.,

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO ASSESS COSTS AGAINST PLAINTIFF AND MOTION TO STAY

**THIS CAUSE** is before the Court upon Defendants Sheriff Scott Israel and Captain Wayne Adkins' (collectively referred to as "Defendants") Motion to Assess Costs Against Plaintiff and Motion to Stay Proceedings Pursuant to Rule 41(d) of the Federal Rules of Civil Procedure (the "Motion"), ECF No. [52]. The Court has reviewed the Motion, the opposing submission, the record and applicable law, and is otherwise fully advised. For the reasons that follow, Defendants' Motion is granted in part and denied in part.

Plaintiff, USA Entertainment Group, Inc., filed its original lawsuit on March 3, 2017, against Defendants Sheriff Scott Israel, the Broward Sheriff's Office, the City of Pompano Beach, Lamar Fisher, and Charlotte Burrie, alleging violations of 42 U.S.C. § 1983 and 18 U.S.C. §§1961, 1962 (herein referred to as the "2017 Action"). *USA Entertainment Group, Inc. v. Sheriff Scott Israel*, et al. Case No. 17-cv-60467, ECF No. [1]. The case was heavily litigated by the parties. On November 11, 2017, the 2017 Action was voluntarily dismissed by the Plaintiff pursuant to Federal Rule of Civil Procedure 41(a)(ii). *USA Entertainment Group, Inc. v. Sheriff Scott Israel*, et al. Case No. 17-cv-60467, ECF No. [106].

On November 9, 2018, the Plaintiff refiled the lawsuit now pending before this Court asserting substantially the same factual allegations and causes of action. *USA Entertainment Group, Inc. v. Sheriff Scott Israel*, et al. Case No. 18-cv-62740, ECF No. [1]. Defendants now move for an assessment of costs and for the imposition of a stay pursuant to Federal Rule of Civil Procedure 41(d). ECF No. [52].

## I. DISCUSSION

In their Motion, Defendants seek an award of their attorneys' fees and costs, which were incurred in the defense of the voluntarily dismissed 2017 Action. Federal Rule of Civil Procedure 41(d) provides:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceeding in the action until the plaintiff has complied with the order.

Fed. R. Civ. P. 41(d); *see Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1256 n.2 (11th Cir. 2001) (acknowledging that "Rule 41(d) authorizes the district court to require a plaintiff to pay the defendant's costs of the dismissed action upon refiling of the action"). Pursuant to Federal Rule of Civil Procedure 41(d), "costs may be imposed where the plaintiff has brought a second, identical, or nearly identical, claim and has requested identical, or nearly identical, relief." *Esquivel v. Arau*, 913 F. Supp. 1382, 1387 (C.D. Cal. 1996); *see Pontenberg*, 252 F.3d at 1256 n.2.

Here, Defendants argue that this matter is precisely the type of case for which Federal Rule Civil Procedure 41(d) was designed, and that all requirements imposed by the rule have been met. ECF No. [52], at 5. Defendants further argue that the "costs" articulated by the rule have generally been interpreted to include attorney's fees. *See* ECF No. [52], at 3 (citing

*Reserve Place, LLC v. Regions Bank*, 2010 WL 4854542, at *1 (N.D. Fla. Nov. 23, 2010) ("The costs available under Rule 41(d) have generally been held to include attorney's fees."). Defendants now move the Court for an award of $46,381.01, which represents $42,941.00 in attorneys' fees and $3,440.01 in costs incurred to defend the 2017 Action. *See* ECF No. [52-4]. In its Response in Opposition to Defendants' Motion ("Opposition"), ECF No. [56], Plaintiff concedes that "all the facts and causes of action remain the same" in the present action as in the 2017 Action. *See* ECF No. [56], at 5. Nonetheless, Plaintiff argues that the imposition of costs is not warranted in this case because the Court should consider Plaintiff's motivation for dismissing the 2017 Action in determining whether costs should be imposed. *Id.* at 2. Specifically, Plaintiff argues that the reason for the voluntary dismissal of the 2017 Action was Plaintiff Counsel's health issues. *Id.* at 3. Plaintiff also argues that Defendants have not demonstrated the legal prejudice that they have suffered from the voluntary dismissal of the 2017 Action. *Id.* at 4. Plaintiff further claims that none of the purposes of Rule 41(d) are served by awarding costs to the Defendants. *Id.*

As conceded by both parties, because the requirements of Rule 41(d) have been satisfied, this Court has discretion whether to require Plaintiff to pay Rule 41(d) costs associated with the 2017 Action. *See, e.g., Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000*); Duffy v. Ford Motor Co.*, 218 F.3d 623, 633 (6th Cir. 2000); *McRae v. Rollins Coll.*, No. 6:05-cv-1767-Orl-22KRS, 2006 WL 1320153, at *2 (M.D. Fla. May 15, 2006) ("By its terms, imposition of costs under Rule 41 is a decision vested in the discretion of the trial court."); *Esquivel*, 913 F. Supp. at 1386; *Wall v. City of Witchita, Kan.*, 701 F. Supp. 1530, 1533 (D. Kan. 1988). The Court agrees with the Plaintiff that in deciding whether to exercise its discretion to assess Rule 41(d) costs, the Court may consider Plaintiffs' motivation in dismissing and then re-filing the

action. However, the Court also notes that Rule 41(d) does not require the Court to conclude that Plaintiffs acted in bad faith or with other improper motive in order to assess costs. *See, e.g., Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000) ("[Plaintiff's] claim of pure motive does not win the day because 'nothing in the language of Rule 41(d) . . . suggests that a defendant must show 'bad faith' before a district court can order payment of costs incurred in a voluntarily dismissed previous action.'") (quoting *Esquivel v. Arau*, 913 F. Supp. 1382, 1388 (C.D. Cal. 1996)); *Loubier v. Modern Acoustics, Inc.*, 178 F.R.D. 17, 22 (D. Conn. 1998) ("There is no requirement in Rule 41(d) or the relevant caselaw that a defendant must show bad faith on the part of the plaintiff in order to recover costs . . . On the other hand, there is authority for plaintiff's position that we may take into consideration plaintiffs' motive in dismissing the prior action."). In support of its Opposition, Plaintiff also attached an email chain between the parties, to support its argument that the Defendants knew Plaintiff's motivation for the voluntary dismissal of the 2017 Action, and also consented to such action being taken. *See* ECF No. [56-1]. After a review of the email chain, the Court notes that while the parties consented to the dismissal of the action, Plaintiff made no representation to the Defendants that it intended to refile the action at a later time. *See Generally Id.*

Secondly, Plaintiff's argument that Defendants have not "state[d] what clear legal prejudice" they have suffered is without merit. Indeed, it is not difficult to conclude that a party is prejudiced by the dismissal of a heavily litigated case and the subsequent refiling of substantially the same action. Nonetheless, Defendants explicitly state in their Motion

> Plaintiff dismissed Club Cinema I, then commenced Club Cinema II, including the same claims against the same defendants. Thus, this Court may order the payment of costs of the action as it deems proper. Ultimately, Plaintiff and its counsel's tactics will come at a price to Defendants, who put forth significant effort and sacrificed time and money on all the discovery and motions that occurred throughout litigating Club Cinema I. At this juncture, the only

> recompense for Defendants to ensure that they do not suffer further prejudice is an award of their costs and fees incurred during the litigation Club Cinema I against Plaintiff and/or its counsel

ECF No. [52], at 7.

The Court finds that the explicit requirements of Rule 41(d) have been satisfied. It therefore awards Rule 41(d) costs solely in order to prevent any prejudice or other detriment that Defendants suffered as a result of the dismissal of the 2017 Action and the re-filing of the nearly-identical action now pending before this Court. *See, e.g., Esquivel v. Arau*, 913 F. Supp. 1382, 1388 (C.D. Cal. 1996) ("Nothing in the language of Rule 41(d) or the case law suggests that a defendant must show 'bad faith' before a district court can order payment by a plaintiff of costs incurred in a voluntarily-dismissed previous action. Instead, the court should simply assess whether a plaintiff's conduct satisfies the requirements of Rule 41(d), and whether the circumstances of the case warrant an award of costs to prevent prejudice to the defendant.").

The Court notes and acknowledges that "costs" have generally been interpreted to include attorneys' fees for the purposes of Rule 41(d). However, the Court defers its ruling as to an award of attorneys' fees as it is premature at this juncture. Should the Plaintiff prevail in this matter, the award of attorneys' fees would be offset by any award to the Plaintiff at a later date. Likewise, should the Defendants prevail in the instant action, such attorneys' fee award would be calculated to include the reasonable fees incurred as a result of defending the 2017 action. The time spent by the same attorneys in the 2017 action will certainly be helpful toward defending this lawsuit where the identical legal and factual issues are presented. Courts have held that attorneys' fees are only recoverable where such fees were not helpful in the secondary suit. *Esquivel*, 913 F. Supp. at 1392 (holding that the "defendants are entitled to both expenses and attorneys' fees that are reasonably incurred and will not contribute toward the defendants' defense

in the present case.); *see also Zucker v. Katz*, 1990 WL 20171, at *2 (S.D.N.Y.1990) ("Costs for work product which can be used in a subsequent litigation is not recoverable under Rule 41(d)."); *Simeone v. First Bank Nat'l Ass'n*, 125 F.R.D. 150, 155 (D. Minn. 1989) ("A defendant making a motion for an award of costs pursuant to Rule 41(d) is not entitled to reimbursement for expenses incurred in preparing work product that will be useful in the continuing litigation."). Accordingly, the Court finds that it will be in the best position to determine an award regarding the Defendants' attorneys' fees upon the resolution of the instant matter.

In support of their Motion, Defendants filed an affidavit outlining the amount of attorneys' fees and costs expended in the 2017 Action. *See* ECF No. [52-4]. Defendants claim the attorneys' fees in the case below amounted to $42,941.00, and the costs incurred amounted to $3,440.01. *Id.* at 2. The Court notes, however that no supporting documentation was proffered in support of these calculations. Moreover, it is difficult to discern whether the costs borne in the 2017 action will be useful in this action. Accordingly, Defendants shall have fourteen days to submit such documentation for the Court's consideration. The Court will then allow Plaintiff to serve its response to such documentation within fourteen days of its filing.

Federal Rule of Civil Procedure 41(d)(2), also permits the court to "stay the proceedings until the plaintiff has complied" with a court's order ordering the payment of costs from a previous action. Fed. R. Civ. P. 41(d)(2). The Court finds that such action is not warranted in the instant case and will exercise its discretion to require the case to proceed as scheduled. The case will proceed with the Court entering an appropriate order assessing costs in favor of the Defendant.

## II. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion, **ECF No. [52]** is **GRANTED in part and DENIED in part.**

2. Defendant is entitled to recover the costs incurred for the previously dismissed action, to the extent that the costs borne will not be useful in this suit, and shall file proof of costs sought no later than **February 21, 2019**.

3. The Court will **DEFER** its ruling as to an assessment of attorneys' fees incurred in the 2017 Action until the conclusion of the instant action.

4. This Case will proceed with all dates set forth in the Court's Scheduling Order, **ECF No. [50],** in place.

**DONE AND ORDERED** in Miami, Florida this 7th day of February, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record